UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NICHOLAS FITZPATRICK,   Case No. 1:05-CV-521

    Plaintiff,   Hon. Richard Alan Enslen

v.

GLORIA CURRY, *et al.*,

                     **JUDGMENT**

    Defendants.           /

    This motion is before the Court on Plaintiff's Objection to United States Magistrate Judge Ellen S. Carmody's Report and Recommendation of August 9, 2006 which ("Report") recommended granting Defendants' Motion for Dismissal and Motion for Summary Judgment. This Court now reviews the Report, the Objection, and pertinent portions of the record *de novo* in accordance with 28 U.S.C. § 636(b)(1).

    Plaintiff first objects to the recommendation that his Eighth Amendment violation claim is subject to summary judgment. Plaintiff argues Magistrate Carmody erred by not construing the evidence in a light most favorable to the Plaintiff.[1] However, the Court agrees with the Magistrate's assessment of the pleadings. Plaintiff has not shown any evidence Defendants were aware of the danger the prisoner, Kevin Giles ("Fido") posed to him other than Plaintiff's own bare allegations. Indeed, those allegations were submitted in an affidavit executed 18 months after the alleged actions and each Defendant has submitted an affidavit refuting Plaintiff's claims. The Court finds that

---

[1] Plaintiff also argues that he can survive a Rule 12(b)(6) motion to dismiss with mere allegations. It is true Defendants' Motion was one for both Dismissal under Rule 12(b)(6) and Summary Judgment under Rule 56(b); however, Defendants have presented matters outside the pleadings and also only argued in their supporting brief for Summary Judgment. Therefore, the Report as well as this Court treats this motion as a Motion for Summary Judgment. *See* FED. R. CIV. P. 12(c).

Plaintiff has failed to establish Defendants were aware that Fido represented a risk to Plaintiff during the relevant time period and therefore, summary judgment is appropriate.

Plaintiff also objects to the recommendation that his Equal Protection claim should be dismissed. As best understood by the Court, Plaintiff argues again that Defendants effectuated an animus against homosexuals by allowing Plaintiff to be raped by Fido. However, as the Magistrate aptly discussed, Plaintiff presented no evidence that Defendants were aware of the danger Fido posed to Plaintiff. Therefore, Plaintiff cannot establish Defendants allowed the rapes because of Plaintiff's sexual orientation and the claim is subject to summary judgment.

Finally, Plaintiff objects to the recommendation that his First Amendment Retaliation claim be dismissed. Plaintiff misconstrues the Report's analysis of this issue. Plaintiff argues Defendants actions were sufficient to deter a person of ordinary firmness from continuing the protected conduct. However, the Report finds Plaintiff satisfied his burden as to that prong of the analysis. The Report finds, and the Court agrees, that Plaintiff failed to establish he engaged in protected conduct and that the adverse action taken against him was motivated, at least in part, by protected conduct. Plaintiff argues he complained to Defendants of Fido's behavior, but never filed grievances because he was threatened with a move to Level 5 security.[2] However, the Court finds there is no evidence Plaintiff complained to Defendants or made them aware of the situation during the relevant time period. Therefore, summary judgment is appropriate.[3]

---

[2]Further, the Court notes that while Plaintiff claims he continuously apprised Defendants of the situation and of the threat Fido posed, he also claims he did not report the attacks to Defendants because "[He] had a desire not to be known in prison jargon as a 'snitch'..." (Pl.'s Mot. 14.)

[3]Plaintiff also objects to Defendants' claim of qualified immunity; however, as the Report did not speak to this issue, the Court will not address it at this time.

**THEREFORE IT IS HEREBY ORDERED**, Plaintiff Nicholas Fitzpatrick's Objection to the Report and Recommendation (Dkt. No. 44) is **DENIED** and the Report and Recommendation (Dkt. No. 40) is **ADOPTED**.

**IT IS FURTHER ORDERED**, that Defendants Gloria Curry, Marcia Williams, and Cathleen Stoddard's Rule 12(b)(6) Motion for Dismissal and Rule 56(b) Motion for Summary Judgment (Dkt. No. 25) is **GRANTED**.

**IT IS FURTHER ORDERED**, that Plaintiff Nicholas Fitzpatrick's Complaint (Dkt. No. 1) is **DISMISSED WITH PREJUDICE**.

DATED in Kalamazoo, MI:
October 18, 2006

/s/ Richard Alan Enslen
RICHARD ALAN ENSLEN
SENIOR UNITED STATES DISTRICT JUDGE